EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

WILLIAM L. SHIPLEY
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Room 6-100
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-Mail: William.Shipley@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00243 DAE |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S MEMORANDUM OF |
| | ) | POINTS AND AUTHORITIES IN |
| v. | ) | RESPONSE TO DEFENDANT |
| | ) | OKADA'S MOTION FOR |
| MICHAEL FURUKAWA, (01) | ) | DISCLOSURE OF GRAND JURY |
| WESLEY UEMURA, (02) | ) | TRANSCRIPTS, OR IN THE |
| DENNIS HIROKAWA, (03) | ) | ALTERNATIVE TO DISMISS THE |
| RICHARD OKADA (04) | ) | INDICTMENT; CERTIFICATE OF |
| | ) | SERVICE |
| | ) | |
| Defendants. | ) | |
| | ) | DATE: February 7, 2006 |
| | ) | TIME: 9:45 a.m. |
| _____ | ) | JUDGE: HON. DAVID A. EZRA |

GOVERNMENT'S MEMORANDUM OF POINTS AND
AUTHORITIES IN RESPONSE TO DEFENDANT OKADA'S
MOTION FOR DISCLOSURE OF GRAND JURY TRANSCRIPTS,
<u>OR IN THE ALTERNATIVE TO DISMISS THE INDICTMENT</u>

The United States of America, by and through its

Attorneys of Record, EDWARD H. KUBO, JR., United States Attorney,

and WILLIAM L. SHIPLEY and LARRY L. TONG, Assistant United States Attorneys, and LARRY GOYA, Special Assistant United States Attorney, respectfully submit this memorandum of points and authorities in response to the motion by Defendant Richard Okada seeking disclosure of grand jury transcripts, or in the alternative to dismiss the indictment against him.

I.   DISCUSSION

While not expressly alleged, the defendant's motion for disclosure of grand jury transcripts is a thinly veiled allegation of grand jury abuse on the part of the government – based on allegations that allegedly exculpatory evidence may not have been submitted for the grand jury's consideration prior to the return of the superseding indictment.  Defendant Okada seems to be suggesting that two pieces of allegedly exculpatory evidence should have been presented to the grand jury, and the failure to present such evidence imposed upon his constitutionally guaranteed right to a "fair trial" under Fifth and Sixth Amendments.  Specifically, defendant Okada demands to learn whether or not the grand jury was presented evidence that his handwriting was not found on any document relevant to the substantive counts in the indictment, and whether the grand jury was told that the State of Hawaii made an admission in discovery conducted in a state civil case that he had no "official authority" with respect to the maintenance contracting decisions

that are at the heart of the criminal activity alleged in the indictment.

The government did not present this evidence to the grand jury.  While handwriting exemplars were collected from various persons, expert handwriting analysis was later deemed to be unnecessary to the investigation.

Regarding the discovery responses by the State of Hawaii in a related civil action, the United States Attorney was unaware of this admission – which seems irrelevant in any respect – and did not present that evidence to the grand jury.

Federal Rule of Criminal Procedure 6(e)(3)(C)(i) provides for disclosure of grand jury material pursuant to a court order.  But, a court may permit such disclosure only when the requesting party has demonstrated a "particularized need" for the material.  Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979).

As is noted in Defendant Okada's motion, he is charged only in Count 1 of the Superseding Indictment, alleging conspiracy against all four defendants.  But his motion makes no attempt to explain how the absence of his handwriting on any document, or his lack of "official authority" with respect to maintenance contracting, would be "exculpatory" to the crime of conspiracy as charged, other than to suggest that the conduct alleged in the indictment can be simply characterized as a

3

protected speech by a "tax paying citizen" pursuant to the First Amendment. Defendant's Motion, p. 10.

Defendant Okada's involvement in the means and manner of carrying out the conspiracy is alleged as specific episodes of conduct in Paragraphs 19, 20, 22, 23, 24, 27, 28, 29, and 30. The allegations involve, among other things, directions given by Defendant Okada to other conspirators regarding the payment of bribes in exchange for access to airport maintenance contracts, and the attempt to cover up that activity when an investigation was initiated. While the defendant characterizes such conduct as free speech under the First Amendment, such glibness does not rationalize away the allegation in Paragraph 22 that Defendant Okada demanded and received two payments of $20,000 which he said were to be used to fund political campaigns.

Without a clear explanation of how this evidence is "exculpatory", Defendant Okada has not carried his burden to show a "particularized need" for the record of the grand jury proceedings.

But, even assuming that the lack of his handwriting on any document and his lack of "official authority" were exculpatory in some substantive manner, Defendant Okada's motion still fails to establish that the failure to present such evidence to the grand jury is a basis for the remedy he seeks - dismissal of an otherwise facially valid indictment.

> "Federal courts draw their power to dismiss indictments from two sources. First, a court may dismiss an indictment if it perceives constitutional error that interferes with the grand jury's independence and the integrity of the grand jury proceeding.  "Constitutional error is found where the 'structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair, allowing the presumption of prejudice' to the defendant." United States v. Larrazolo, 869 F.2d 1354, 1357-58 (9th Cir.1989).... Second, a district court may draw on its supervisory powers to dismiss an indictment.  The supervisory powers doctrine "is premised on the inherent ability of the federal courts to formulate procedural rules not specifically required by the Constitution or Congress to supervise the administration of justice."  Id. at 1358."

United States v. Isgro, 974 F.2d 1091, 1094 (9th Cir. 1992).

A prosecutor is not obligated under the Constitution to present exculpatory evidence to the grand jury.  United States v. Williams, 504 U.S. 36, 46-47 (1992).  Thus, the failure to present such evidence is not a basis to dismiss an indictment on the grounds that the defendant's constitutional rights were violated.  Isgro, 974 F.2d at 1096. ("in fairly expansive language, Williams clearly rejects the idea that there exists a [constitutional] right to such "fair" or "objective" grand jury deliberations.").

A district court may draw on its supervisory powers to dismiss an indictment based on its inherent ability to formulate procedural rules not specifically required by the Constitution or Congress, but necessary to supervise the administration of justice.  Isgro, 974 F.2d at 1094.  "Before it may invoke this

5

power, a court must first find that the defendant is actually prejudiced by the misconduct.  Absent such prejudice – that is, absent "grave" doubt that the decision to indict was free from the substantial influence of [the misconduct] – a dismissal is not warranted."  Id. (Internal quotations omitted).

Defendant Okada must show "actual prejudice" caused by "misconduct" in order to invoke the Court's inherent supervisory powers for the authority to dismiss an indictment.  Since the government was not obligated to present exculpatory evidence to the grand jury, Defendant Okada can point to no "misconduct" to satisfy that requirement.  Without evidence of such misconduct, Defendant Okada cannot demonstrate "actual prejudice" – that the grand jury's decision to indict was the result of any misconduct.  Thus, there is no basis to invoke the supervisory power of the Court here.

## II.  CONCLUSION

Defendant Okada's motion fails to establish a "particularized need" for the disclosure of the record of the grand jury proceedings because he hasn't established that evidence exculpatory to the charge against him was withheld from the grand jury by the prosecutor.  Even assuming such was the case, the motion fails to establish that such withholding was "misconduct" or that he suffered "actual prejudice" as a result such that it would warrant the dismissal sanction he seeks.

Defendant Okada's motion for disclosure of grand jury records, or in the alternative for dismissal of the superseding indictment against him, should be denied.

DATED: February 2, 2006, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By    /s/ William L. Shipley
   WILLIAM L. SHIPLEY
   Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

**Served Electronically through CM/ECF:**

Clifford B. Hunt                              February 2, 2006
notguilty007@msn.com
     Attorney for Defendant
     WESLEY UEMURA

Dana S. Ishibashi                             February 2, 2006
ishibashi@aol.com
     Attorney for Defendant
     RICHARD OKADA

**Served by First Class Mail:**

Howard K.K. Luke, Esq.                        February 2, 2006
841 Bishop Street, Suite 2022
Honolulu, HI 96813
     Attorney for Defendant
     MICHAEL FURUKAWA

Keith S. Shigetomi, Esq.                      February 2, 2006
711 Kapiolani Blvd., Suite 1440
Honolulu, HI 96813
     Attorney for Defendant
     DENNIS HIROKAWA

     **Served by hand-delivery:**


     DATED:  Honolulu, Hawaii, February 2, 2006.


                              /s/ Gloria Parker