EDWARD H. KUBO, JR.   2499
United States Attorney
District of Hawaii

LAWRENCE L. TONG   3040
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: Larry.Tong@usdoj.gov

LAWRENCE A. GOYA   2476
Special Assistant U.S. Attorney
425 Queen Street, Third Floor
Honolulu, Hawaii 96813
Telephone: (808) 586-1160
Facsimile: (808) 586-1375
E-Mail: Lawrence.A.Goya@hawaii.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00243 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | UNITED STATES' PROPOSED VOIR |
| vs. | ) | DIRE QUESTIONS; CERTIFICATE |
| | ) | OF SERVICE |
| MICHAEL FURUKAWA,   (01) | ) | |
| WESLEY UEMURA,   (02) | ) | Trial: September 20, 2006 |
| DENNIS HIROKAWA,   (03) | ) | |
| RICHARD OKADA,   (04) | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

UNITED STATES' PROPOSED VOIR DIRE QUESTIONS

The United States submits its proposed voir dire questions as follows.

A.  Participants and Witnesses in this Trial

    1.  The participants in this trial are as follows:

        (a)  Assistant U.S. Attorney Lawrence Tong, and Special Assistant U.S. Attorney Lawrence Goya, who is also a Senior Deputy Attorney General of the State of Hawaii, will be prosecuting the case for the United States.  Special Agent Mark Nakatsu of the Federal Bureau of Investigation will be assisting them throughout the trial.

        (b)  Attorney Howard Luke will be representing defendant Michael Furukawa during the trial.

        (c)  Attorney Clifford Hunt will be representing defendant Wesley Uemura during the trial.

        (d)  Attorney Keith Shigetomi will be representing defendant Dennis Hirokawa during the trial.

        (e)  Attorney Dana Ishibashi will be representing defendant Richard Okada during the trial.

    Do any of you know the attorneys for the United States, the defendants, or any of their attorneys for this matter?  If so, please state who you know and what your relationship with them is.

    2.  Would your knowledge of any of the trial participants in any way affect or hinder your ability to give a fair trial to both the defendant and the United States?

        3.    The United States and the defense may call the following witnesses during the trial of this case:

        (a) (United States to read its list of case-in-chief witnesses);

        (b) (Any defense witness list to be read to jury).

        4.    Do you know any of these potential witnesses? If so, please state which person you know and what your relationship to that person is.

        5.    Would your relationship with the named prospective witness affect or hinder your ability to give a fair trial to any of the defendants and the United States in this matter?

B.    <u>Attitude Toward the Law or This Case</u>

        6.    Have any of you, any members of your family or any close friends been involved in any disputes, conflicts, litigation or any other incident involving agents of the Federal Bureau of Investigation, the State of Hawaii Department of Attorney General, or any other law enforcement personnel?

        (a)   If so, what was the nature of that incident?

        (b)   How, if at all, was the incident resolved?

        (c)   When and where did the incident occur?

        (d)   Did you have to appear in court as a witness or otherwise as a result of the incident?

        6.    The defendants are each charged with conspiring to commit the crime of mail fraud in connection with the award of

contracts for repair work to be done at the Honolulu International Airport.  The indictment alleges that two of the defendants, Michael Furukawa and Wesley Uemura, were contractors who submitted inflated bids for repair work at the Honolulu International Airport.  The indictment further alleges that the other two defendants, Dennis Hirokawa and Richard Okada, were employees of the State of Hawaii who directed contracts to Furukawa and Uemura's companies, as well as other contractors, knowing that the bids were inflated.  It is alleged that Hirokawa and Okada also solicited, and received, monetary payments and donations in return for awarding the contracts.

Under the law pertaining to conspiracies, the United States is not required to prove that the defendants entered a formal or written agreement to commit a crime.  Nor must the government offer evidence proving that each defendant knew all of the members of the alleged conspiracy, or all of the details of its operation.

Is there anything about the case or law as the Court has described to you which would now prevent you from being fair and impartial to the United States and the defendants in this case?

7.  Has anyone read anything in the newspaper or heard anything on the radio, through television, or from others about

this case?  If so, would you please explain (at sidebar) what you have heard or read.

       8.   The charges in this case involve evidence of events occurring between 1997 to 2002.  Accordingly, the evidence offered by the United States will involve events that took place several years ago.  Do any of you believe that a case with evidence dating back nearly ten years should not be prosecuted by the government?  Would any of you be unable to return a conviction on this evidence because the events took place so long ago?

       9.   The United States will call several witnesses who have pleaded guilty to crimes arising out of the same events for which the defendants are on trial.  The law recognizes that the government may call accomplices to testify against others who are alleged to have committed crimes.  Do any of you believe that it is inappropriate to call accomplices to testify about the involvement of others in criminal activity?

      10.   Have you, any of your family members, or any close friends had any disputes, conflicts, or incidents involving any other agency or government department that may cause you to feel friendly or less than friendly towards the United States, the State of Hawaii and/or any of its representatives?

       11.  Have any of you ever sued or made a claim for money against the United States government or the State of Hawaii?

          (a) What was the nature of the claim?

          (b) Was the matter resolved to your complete satisfaction?

          (c) Do you feel that the representatives of the government treated you, your family or close friends fairly and courteously?

          (d) As a result of that matter, would you feel any resentment towards the federal government or the State of Hawaii in this case?

       12.  Do you belong to or support any organization which advocates the reform or repeal of the criminal laws of the United States or State of Hawaii, or is concerned with the conduct of the criminal justice system as it currently functions?

       13.  Have you, any of your family members, or any close friends been accused of a federal or state criminal offense, or have been arrested or prosecuted as a result of a criminal charge?  If so, please explain (at sidebar).

       14.  Have any of you been called as a witness in a criminal case?  If so, please explain.

       15.  In a criminal case, the United States has the burden of proving the defendant's guilt beyond a reasonable

doubt. However, the United States is <u>not</u> required to prove the defendant's guilt beyond <u>all</u> doubt or to a mathematical certainty. Is there anyone who would have difficulty convicting any of the defendants if the evidence established guilt beyond a reasonable doubt merely because the United States did not prove the defendant's guilt beyond all doubt? Do any of you think that the United States and its representatives should be required to prove a defendant's guilt beyond <u>all</u> doubt or beyond a shadow of a doubt?

16. Do you understand that the role of a juror in a case of this type is to decide whether or not the law was broken, not whether the law is itself a good law or a bad law, or whether the law should be changed?

17. I instruct you that as a juror you <u>must</u> follow <u>all</u> the legal instructions given by this Court, no matter what your personal beliefs are, or what you personally think the law should be here. Does anyone think that he or she would not be able to follow an instruction from this Court if that instruction was different from your own personal view or value?

18. The law requires that you base your verdict on the evidence presented in this case and the facts as you find them. The law does not permit you to consider such factors as sympathy, prejudice, or other emotions in rendering your verdict. Is there

any one of you who feels that he or she cannot put these factors out of your mind in reaching a verdict in this case?

19.  I instruct you now that this Court, and only this Court, not you, has the responsibility to determine the punishment, if any, given to a defendant should there be a conviction.  The law does not permit you to consider the issue of punishment because there are factors having nothing to do with this trial which the Court must consider.  Is there anyone who is not willing to follow this instruction and put out of your mind any consideration of punishment?  Is there anyone who would vote "not guilty" no matter what the evidence shows because of the possibility that the Court may impose a jail sentence if the jury returns a verdict of guilty?

20.  Some individuals hold a religious or moral belief that makes it difficult for them to sit in judgment of another person, or to determine the guilty or innocence of another person.  Do you share any such belief?  Do you believe it would be difficult for you to judge the guilt or innocence of another human being?

21.  Some individuals hold a religious or moral belief that a person cannot take an oath and testify against another person of their same religious, ethnic or racial persuasion?  Do you hold any such belief?

      22.    Part of the role of a juror in a case is to come to a verdict, if possible, at the end of the presentation of evidence and after instructions from the Court.  Do you have any concern about your ability to reach a decisive verdict?

C.    <u>Prior Jury Experience</u>

      23.    Have any of you ever been on a jury before?  If so, was it a criminal or civil case?

      24.    For those of you who have been on a jury before, explain the nature of the charge in that case and the verdict that was reached?

      25.    Is there anything about your prior experience as a juror which would prevent you from rendering a fair and impartial verdict to both sides in this case?

D.    <u>Personal Questions</u>

      26.    Where do you live?

      27.    How long have you lived there?

      28.    Where are you employed?

      29.    How long have you been employed there?

      30.    Are you married?

      31.    What work does your spouse do?

      32.    Have any of you worked as a lawyer, or received training as a lawyer?  If so, please describe your work or training.

33. Has anyone worked for an attorney? If so, please describe the type of work you did and the type of office in which you worked.

34. Is there anything about your work experience or training which would prevent you from being a fair and impartial to the United States and the defense in this case?

35. Does anyone have any difficulty hearing. If so, please explain.

36. Does anyone have difficulty speaking, reading or understanding the English language?

37. Do you agree that the United States is entitled to a fair trial just like the defendants?

38. I ask each of you to search your own thoughts for any bias or prejudice that might tend to make you favor either the United States or the defendants in this case, or otherwise make it difficult for you to be fair to both sides. Does anyone have any reason that would prevent them from giving each side a fair and impartial trial?

E. Concluding Question

39. Ladies and Gentlemen, the purpose of these questions, to which you have each sworn to give truthful answers, has not been to pry into your personal lives. Rather, the purpose is to ensure that each juror will decide this matter solely on the evidence <u>and</u> the law, and not because of some bias

or prejudice towards either the United States or a individual defendant.  The United States, as well as each defendant, is entitled to a fair trial.  Do I have the solemn oath from each of you that you will follow the legal instructions given to you by this Court and that you will give both the United States and the defendants a fair trial?

   DATED: September 12, 2006, at Honolulu, Hawaii.

        Respectfully submitted,

        EDWARD H. KUBO, JR.
        United States Attorney
        District of Hawaii


        /s/ Lawrence L. Tong
        LAWRENCE L. TONG
        Assistant U.S. Attorney
        LAWRENCE A. GOYA
        Special Assistant U.S. Attorney

        Attorneys for Plaintiff
        UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the dates and by the methods of service noted below, the true and correct copy of the foregoing was served on the following at their last known address:

Served electronically through CM/ECF:

| | |
|---|---|
| CLIFFORD B. HUNT, ESQ.<br>notguilty007@msn.com<br><br>Attorney for Defendant<br>WESLEY UEMURA | September 12, 2006 |
| DANA S. ISHIBASHI<br>ishibashi@aol.com<br><br>Attorney for Defendant<br>RICHARD OKADA | September 12, 2006 |
| HOWARD K.K. LUKE, ESQ.<br>howardkkluke@hawaii.rr.com<br><br>Attorney for Defendant<br>MICHAEL FURUKAWA | September 12, 2006 |

Served by first class mail:

| | |
|---|---|
| KEITH S. SHIGETOMI, ESQ.<br>711 Kapiolani Blvd., Suite 1440<br>Honolulu, HI 96813<br><br>Attorney for Defendant<br>DENNIS HIROKAWA | September 12, 2006 |

DATED: Honolulu, Hawaii, September 12, 2006.

/s/ Janice Tsumoto